**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRANK A. MOSLEY,**

    **Petitioner,**

**v.**                                          **Case No. 4:21cv167-MW/MAF**

**STATE OF FLORIDA,**

    **Respondent.**

                                  /

## REPORT AND RECOMMENDATION

Frank A. Mosley, a state inmate proceeding pro se, has filed a "Motion for Extension of Time to File 28 U.S.C. § 2254 Habeas Corpus." ECF No. 1. The document was docketed by the Clerk, the proceeding opened as a habeas case, and the matter referred to the undersigned U.S. Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(b). After careful consideration, the undersigned recommends this case be dismissed without prejudice for lack of jurisdiction as no petition has been filed.

## Analysis

A search of the Florida Department of Corrections (DOC) website, as well as the pending motion, indicate that Frank A. Mosley is currently incarcerated at the Reception and Medical Center – West Unit, Lake Butler,

Florida.  ECF No. 1; www.dc.state.fl.us/offenderSearch.  The DOC website also indicates Mosley is incarcerated based on a criminal conviction and sentence dated August 16, 2011, in case number 0700448A, from Santa Rosa County.

In his motion, Mosely indicates his deadline for filing his § 2254 petition "has not yet been reach[ed] but rapidly approaches July 2021."  ECF No. 1 at 1.  He states he is "currently being temporarily housed undergoing cataract surgery and does not know how long his stat will be before being return[ed] to his permanent housed institution at Franklin Correctional Institution."  *Id*.  He further states that all of his "legal work, trial transcripts, motions, appeal documents was retain[ed] at his permanent institution in the law library storage unit."  *Id*. at 2.  He requests an extension of "a hundred twenty (120) day[s]" to file his § 2254 petition.  *Id*.  This Court has no authority to grant an extension of the one-year federal habeas limitations period set forth in 28 U.S.C. § 2244(d)(1).

Further, a habeas petition is not "pending" until a § 2254 petition is actually filed.  <u>Isaacs v. Head</u>, 300 F.3d 1232, 1239 (11th Cir. 2002).  Unless and until a § 2254 petition is filed, this Court has no jurisdiction to consider the timeframe for such petition as there is no case or controversy.

*See, e.g.*, <u>United States v. Leon</u>, 203 F.3d 162, 164 (2d Cir. 2000); <u>Swichkow v. United States</u>, 565 F. App'x 840, 844 (11th Cir. 2014); <u>United States v. Hernandez</u>, 431 F. App'x 813, 814 (11th Cir. 2011). *See also, e.g.*, <u>Hendrix v. Sec'y, Fla. Dep't of Corr.</u>, No. 4:21cv102-AW/HTC, 2021 WL 1256205 (N.D. Fla. Mar. 1, 2001) (Report and Recommendation), *adopted by* 2021 WL 1253589 (N.D. Fla. Apr. 5, 2021) (Order); <u>Colvin v. Fla.</u>, No. 3:20cv5878-LC/MJF, 2020 WL 6731132 (Oct. 15, 2020) (Report and Recommendation), *adopted by* 2020 WL 6728803 (Nov. 16, 2020) (Order); <u>Kline v. Fla.</u>, No. 3:20cv5422-LC/HTC, 2020 WL 2515949 (N.D. Fla. Apr. 30, 2020) (Report and Recommendation), *adopted by* 2020 WL 2514875 (N.D. Fla. May 15, 2020) (Order); <u>Crystal v. Inch</u>, No. 3:19cv4915, 2019 WL 7580177 (N.D. Fla. Dec. 9, 2019) (Order), *adopted by* 2020 WL 210804 (N.D. Fla. Jan. 14, 2020) (Order); <u>Broadnax v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:15cv341-RV/CAS, 2015 WL 4977311 (N.D. Fla. Aug. 4, 2015) (Report and Recommendation), *adopted by* 2015 WL 4977298 (Order).

This is not a case where the Court may construe the filing as a defective habeas petition. Rule 2(c), of the Rules Governing Section 2254 Cases in the U.S. District Courts, requires that a petition must:

(1) specify all the grounds for relief available to the petitioner;

>   (2) state the facts supporting each ground;
>
>   (3) state the relief requested;
>
>   (4) be printed, typewritten, or legibly handwritten; and
>
>   (5) be signed under penalty of perjury by the petitioner . . . .

*See* 28 U.S.C. § 2242. Rule 2(d) further requires that a petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

Mosley's filing, which requests only an extension of time, does not meet these requirements. *See* ECF No. 1. Indeed, it does not contain any grounds or supporting facts, and it is not signed under penalty of perjury. *See id*. Thus, the Court cannot construe the filing as a defective petition. If Mosley wishes to initiate a § 2254 proceeding, he must do so by filing a § 2254 petition on the form approved for use in this Court. *See* N.D. Fla. Loc. R. 5.7.

## Conclusion

Based on the foregoing, this Court has no authority to grant an extension of the one-year federal habeas limitations period set forth in 28 U.S.C. § 2244(d)(1), and no habeas petition has been filed. Accordingly, this case should be dismissed without prejudice for lack of jurisdiction.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed,

the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS** the case **WITHOUT PREJUDICE** for lack of jurisdiction.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 22, 2021.

                            S/ Martin A. Fitzpatrick
                            MARTIN A. FITZPATRICK
                            UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:21cv167-MW/MAF